No. 20-40004

# In the United States Court of Appeals For the Fifth Circuit

SUZANNE H. WOOTEN,
*Plaintiff-Appellee,*

v.

HARRY EUGENE WHITE, JOHN ROACH, SR., and
CHRISTOPHER MILNER,
*Defendants-Appellants.*

**APPELLANTS' MOTION TO HOLD
APPEAL IN ABEYANCE**

| | |
|---|---|
| KEN PAXTON<br>Attorney General of Texas | CHRISTOPHER D. HILTON<br>Texas Bar No. 24087072<br>Assistant Attorney General |
| JEFFREY C. MATEER<br>First Assistant Attorney General | Office of the Attorney General<br>P.O. Box 12548 (MC 019)<br>Austin, Texas 78711-2548 |
| RYAN BANGERT<br>Deputy Attorney General for<br>Legal Counsel | Telephone: (512) 320-0667<br>Facsimile: (512) 320-0667<br>christopher.hilton@oag.texas.gov |
| PATRICK SWEETEN<br>Associate Deputy for Special<br>Litigation | *Counsel for Appellant Harry Eugene White* |

ROBERT J. DAVIS
Texas Bar. No. 05543500
Matthews, Shiels, Knott, Eden, Davis
& Beanland, L.L.P.
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
972/234-3400 (office)
972/234-1750 (telecopier)

*Counsel for Appellants John Roach, Sr. and Christopher Milner*

# CERTIFICATE OF INTERESTED PERSONS

No. 20-40004

SUZANNE H. WOOTEN,
*Plaintiff-Appellee,*

v.

HARRY EUGENE WHITE, JOHN ROACH, SR., and CHRISTOPHER MILNER,
*Defendants-Appellants.*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**Plaintiff-Appellee:**
Suzanne H. Wooten

**Counsel for Plaintiffs-Appellee:**
Scott H. Palmer
James P. Roberts
Scott H. Palmer, P.C.
Sean R. Cox
Law Offices of Sean R. Cox

**Defendants-Appellants:**
John Roach, Sr.
Christopher Milner
Collin County, Texas*
Gregory Abbott*
Harry Eugene White

---

\* Collin County, Texas and Gregory Abbott have been named as Defendants in the district court, but they are not parties to this appeal.

**Counsel for Defendants-Appellants Roach and Milner:**
Robert J. Davis
Matthews, Shiels, Knott, Eden, Davis & Beanland, L.L.P.

**Counsel for Defendant-Appellant White:**
Ken Paxton
Jeffrey C. Mateer
Kyle D. Hawkins
Bill Davis
Patrick K. Sweeten
Christopher D. Hilton (counsel of record)
Office of the Attorney General of Texas

/s/ *Christopher D. Hilton*
CHRISTOPHER D. HILTON

## MOTION TO HOLD APPEAL IN ABEYANCE

Appellants Harry Eugene White, John Roach, Sr., and Christopher Milner ("Appellants") respectfully request that the Court hold this appeal in abeyance pending resolution of No. 19-40315, *Suzanne Wooten v. John Roach, Sr., et al.*, which has been fully briefed and tentatively calendared for oral argument the week of March 2, 2020. The Court's resolution of No. 19-40315 could moot the instant appeal. The parties should not be forced to submit duplicative briefing that may never be reviewed by this Court.

1. Appellee filed her original complaint in this matter on May 23, 2018, and an amended complaint on May 29, 2018. On July 30, 2018, Appellants timely filed motions to dismiss as to all causes of action against them, asserting *inter alia* absolute immunity, qualified immunity, state-law official immunity, and failure to state a claim upon which relief can be granted. The district court stayed discovery pending resolution of the motions to dismiss on September 24, 2018.

2. On March 27, 2019, the district court issued an order granting in part and denying in part Appellants' motions to dismiss. The district court declined to rule on all defenses presented in Appellants' motions, including qualified immunity, instead inviting Appellee to file an amended complaint and ordering that Appellants "may reurge their motion with respect to the Plaintiff's constitutional claims and the defense of qualified immunity." The district court did, however, expressly rule on absolute immunity and official immunity.

3. On April 9, 2019, Appellants filed notices of interlocutory appeal with respect to the district court's order. Those appeals were docketed by this Court as No. 19-40315, *Suzanne Wooten v. John Roach, Sr., et al.*, which is now fully briefed and tentatively calendared for oral argument the week of March 2, 2020.

4. Appellants contend that these notices of appeal under the collateral-order doctrine divested the district court of jurisdiction as to all claims against them. While acknowledging that appellate jurisdiction exists in part, Appellee asserts that this Court in No. 19-40315 does not have jurisdiction to rule on Appellants' assertion of qualified immunity. The issues of appellate jurisdiction and qualified immunity, among others, have been fully briefed in No. 19-40315. *See* Appellants' Br. 2-3, 10-12, 25-49, No. 19-40315, *Wooten v. Roach* (5th Cir. filed July 9, 2019); Appellants' Reply Br. 8-13, No. 19-40315, *Wooten v. Roach* (5th Cir. filed Sept. 25, 2019); *see also* Appellee's Br. 28-31, No. 19-40315, *Wooten v. Roach* (5th Cir. filed Sept. 6, 2019).

5. As the parties proceeded in this Court in No. 19-40315, litigation also continued in the district court. Appellee filed a putative second amended complaint on April 10, 2019. Appellants filed notices with the district court advising it that all jurisdiction over the claims against them now rested with this Court, and Appellee noted her disagreement. In a status conference on April 23, 2019, the district court communicated its desire for the litigation before it to continue regarding the issues on which it declined to rule, including qualified

6

immunity. Accordingly, Appellants filed second motions to dismiss on April 24, 2019 as a protective matter and subject to their objections that the district court lacked jurisdiction to conduct further proceedings against them.

5. On December 23, 2019, the district court entered an order granting in part and denying in part Appellants' second motions to dismiss, treating the Appellee's putative second amended complaint as a "supplement" to the first amended complaint that is currently before this Court in No. 19-40315. See Mem. Op. & Order at 9, 11 n.11, *Wooten v. Roach*, No. 18-380 (E.D. Tex. Dec. 23, 2019) [ECF No. 93]. Appellants timely filed notices of interlocutory appeal of that order, which were docketed as the above-captioned appeal, as a protective matter in the event that this Court were to reject their assertion that the district court lacked jurisdiction to proceed. On January 9, 2020, the district court stayed all proceedings pending the resolution of Appellants' appeals.

5. Appellants contend that their assertions of absolute immunity, qualified immunity, and state-law official immunity are properly before this Court in No. 19-40315. If this Court agrees with Appellants, all of the district-court proceedings that occurred after Appellants filed their notices of interlocutory appeal on April 9, 2019, would be void because the district court would have lacked the jurisdiction to accept new pleadings and enter additional orders. *See, e.g.*, Appellants' Br. 2-3, 10-12, 25-49, No. 19-40315, *Wooten v. Roach* (5th Cir. filed July 9, 2019); Appellants' Reply Br. 8-13, No. 19-40315, *Wooten v.*

7

*Roach* (5th Cir. filed Sept. 25, 2019); *see also, e.g.*, Ds' Joint Advisory re Interlocutory Appeal, *Wooten v. Roach*, No. 18-380 (E.D. Tex. filed Apr. 17, 2019) [ECF No. 43]. Appellee disagrees.

6. The question of this Court's appellate jurisdiction has been fully briefed by the Solicitor General of Texas in No. 19-40315. The Court's determination of the scope of its interlocutory appellate jurisdiction and the issues before it in No. 19-40315 could entirely moot the above-captioned appeal. If this Court finds that all of Appellee's claims should be dismissed on the basis of absolute immunity, or if this Court finds that the issue of qualified immunity is properly before it in No. 19-40315 and that the defense disposes of Appellee's claims against Appellants, there will be no need for any further proceedings in this appeal. Moreover, it would be an inefficient use of judicial resources to require briefing at this stage that is largely duplicative of what has already been presented to this Court in No. 19-40315.

7. Good cause exists to hold this appeal in abeyance because it would preserve judicial resources and the resources of the parties. Abeyance until the resolution of No. 19-40315 will not result in any undue delay or prejudice to any party, as the litigation in the district court has been stayed pending this Court's determination of the appeals and the Court has already tentatively calendared oral argument in No. 19-40315.

8. Counsel for Appellants conferred with counsel for Appellee regarding the relief requested by this motion, and Appellee is opposed.

## **CONCLUSION AND PRAYER**

For the foregoing reasons, Appellants respectfully request that the Court hold this appeal in abeyance (and not require briefing) until resolution of the substantially related issues already before this Court in No. 19-40315. The abatement should remain in place unless and until the Court in No. 19-40315 finds that it lacks appellate jurisdiction to address qualified immunity and finds that the district court had jurisdiction to enter its December 23, 2019 order, which is the subject of this appeal.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

RYAN BANGERT
Deputy Attorney General for
Legal Counsel

PATRICK SWEETEN
Associate Deputy for Special
Litigation

*/s/Christopher D. Hilton*
CHRISTOPHER D. HILTON
Texas Bar No. 24087072
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548 (MC 019)
Austin, Texas 78711-2548
Telephone: (512) 320-0667
Facsimile: (512) 320-0667
christopher.hilton@oag.texas.gov

*Counsel for Appellant Harry Eugene White*

>*/s/ Robert J. Davis*
>ROBERT J. DAVIS
>Texas Bar. No. 05543500
>Matthews, Shiels, Knott, Eden, Davis & Beanland, L.L.P.
>8131 LBJ Freeway, Suite 700
>Dallas, Texas 75251
>972/234-3400 (office)
>972/234-1750 (telecopier)
>
>*Counsel for Appellants John Roach, Sr. and Christopher Milne*

### CERTIFICATE OF CONFERENCE

On January 21, 2020, counsel for Appellants conferred with counsel for Appellee, who advised that Appellee opposes this motion.

>*/s/ Christopher D. Hilton*
>CHRISTOPHER D. HILTON

## CERTIFICATE OF COMPLIANCE

This motion complies with: (1) the type-volume limitation of Federal Rules of Appellate Procedure 27(d)(2)(A) because it contains 1093 words, excluding the parts exempted by Rule 32(f); and (2) the typeface and type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Garamond) using Microsoft Word (the program used for the word count).

*/s/ Christopher D. Hilton*
CHRISTOPHER D. HILTON

## CERTIFICATE OF SERVICE

On January 21, 2020, this brief was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

*/s/ Christopher D. Hilton*
CHRISTOPHER D. HILTON